RELATED DDJ

FILED
CLERK, U.S. DISTRICT COURT

MAR 29 2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ RS _____ DEPUTY

1   Zinaida Doljenko and Gennady Dolzhenko
    P. O. Box 10344
2   Burbank, CA 91510

3   Attorney for Plaintiffs: Plaintiffs in pro per

4

5               **UNITED STATES DISTRICT COURT**

6               **CENTRAL DISTRICT OF CALIFORNIA**

7    ZINAIDA DOLJENKO and GENNADY  )   Case No.: **2:21-CV-02818-DSF-GJS**
     DOLZHENKO,                     )
8                      Plaintiffs   )   **COMPLAINT FOR DAMAGES FOR:**
                                    )
9            vs.                    )   1. Civil Rights Violations of 42 USC
                                    )      Sect. 1983 (4th, 5th and 14th
10   CITY OF LOS ANGELES, CALIFORNIA; )     Amendments) – False Arrest,
                                    )      Excessive Force, Unlawful Search,
11   CHIEF MICHEL MOORE, SERGEANT   )      Theft of Plaintiffs' Personal Property,
                                    )      Illegal Lockout)
12   MEJIA, SERGEANT MATT ETHRIDGE, )   2. Violation of 42 USC Sect. 1983
                                    )      (Monell Claim)
13   POLICE OFFICER HERRERA, POLICE )   3. False Arrest  pursuant to State law
                                    )   4. Illegal Lockout  pursuant to State law
14   OFFICER GEORGESON and DOES 1-10, )  5. Intentional Infliction of Emotional
                                    )      Distress
15                   Defendants     )   6. Negligent Infliction of Emotional
                                    )      Distress
16   _____    )
                                    )
17                                  )
                                    )
18                                  )

19

20

21

22

23

24

25   Plaintiffs ZINAIDA DOLJENKO and GENNADY DOLZHENKO (collectively, Plaintiffs),

26   allege as follows:

---
                                    1

                        Complaint for Damages

I. **JURISDICTION AND VENUE**

1.  Plaintiffs sue for violation of civil rights pursuant to 42 U.S.C. Sect. 1983. This Court has subject matter jurisdiction over the claims raised herein pursuant to California Constitution Article VI, section 10, which grants this Court "original jurisdiction in all causes except those given by statute to other trial courts" and pursuant to the Supremacy Clause of Article VI of the U.S. Constitution.

2.  Venue is proper under 28 U.S.C. Sect. 1391(b) because the underlying acts and injuries upon which the present action is based occurred in the Central District. This Court has jurisdiction in the matter because jurisdiction is founded on 28 U.S.C. Sections 1331 and 1343, and 42 U.S.C. Sect. 1983. Injunctive relief is authorized pursuant to 28 U.S.C. Sections 2201 and 2202.

3.  Plaintiffs also sue for state law claims subject to the California Tort Claims Act, California Government Code Sect. 810 et seq.

4.  Written claims C20-01566 and C20-01565 were filed with the CITY OF LOS ANGELES, CALIFORNIA within six months of the accrual of such claims. The City of Los Angeles never responded to these claims.

5.  At all relevant times hereto, Defendants were acting under the color of state and local law. Defendants are sued in their individual and official capacities.

6   Defendants either are entities within this judicial district within California or individuals residing in the State of California.

7.  Venue is proper for this Court since the acts and omissions giving rise to Plaintiffs' claims occurred in the County of Los Angeles.

## II.  **PARTIES**

8.  Plaintiffs Zinaida Doljenko and Gennady Dolzhenko are, and at all times relevant to the facts herein were, individuals residing in the County of Los Angeles, California and Plaintiffs reside in the Central District of California.

2

Complaint for Damages

9. Plaintiffs are informed and believe and based thereon allege that Defendant CITY OF LOS ANGELES, CALIFORNIA is, and at all times relevant to the facts herein was, a municipal corporation in the State of California.

10. Plaintiffs are informed and believe and based thereon allege that Defendant CHIEF MICHEL MOORE is, and at all times relevant to the facts herein was, individual residing in the State of California and the Chief of the City of Los Angeles Police Department.

Defendant Chief Michel Moore is sued herein in his official and individual capacity because as Police Chief Michel Moore was and is responsible for maintaining, creating, and ratifying unconstitutional practices and policies which caused Plaintiffs' injuries; and because his inaction, his failure to change policies, and failure to implement correct police procedures, policies, and adequate training of Los Angeles Police officers has manifested a reckless and callous indifference to civil rights violations, and which caused the constitutional injuries suffered by Plaintiffs. Defendant Chief Michel Moore is also sued in his individual capacity because he set in motion a series of acts by LAPD officers by his failure to implement proper training and tactics for Police officers in dealing with and interacting with residents of the CITY OF LOS ANGELES. Said failures by Defendant Chief Michel Moore caused the constitutional injuries suffered by Plaintiffs. Individual liability is sought against Defendant Chief Michel Moore because he enforced the official policy, practice, and custom of the defendant CITY OF LOS ANGELES of condoning, approving, and ratifying constitutional violations, false arrests, and fabrication of charges against the residents of the City of Los Angeles.

11. Plaintiffs are informed and believe and based thereon allege that Defendants Sergeant Matt Ethridge (#37384) and Sergeant Mejia (#34655) are, and at all times relevant to the facts herein were, individuals residing in the State of California and Sergeants in the City of Los Angeles Police Department (North Hollywood Division).

12. Plaintiffs are informed and believe and based thereon allege that Defendants police officers Herrera (#33151) and Georgeson (#42757) are, and at all times relevant to the facts herein were, individuals residing in the State of California and police officers in the City of Los Angeles Police Department.

13. At all times relevant hereto, defendants sergeant Mejia, sergeant Matt Ethridge, police officers Herrera and Georgeson and DOES 1 through 10, were residents of the CITY OF LOS ANGELES, and at all times mentioned herein were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of defendant CITY OF LOS

3

ANGELES and the City of Los Angeles Police Department, and under the Constitution of the United States of America. Said defendants were acting within their capacity as employees, agents, representatives, and servants of the defendant CITY OF LOS ANGELES.

14. Defendants sgt. Mejia, sgt. Ethridge, police officers Herrera and Georgeson, and DOES 1 through 10, as duly sworn peace officers, were specifically authorized by defendant CITY OF LOS ANGELES to perform the duties and responsibilities of sworn officers of the CITY OF LOS ANGELES, and all acts complained of herein were performed by said defendants within the course and scope of their duties as police officers for defendant CITY OF LOS ANGELES. Defendant Michel Moore was and is a policy maker for defendant CITY OF LOS ANGELES and its Police Department. Defendants sgt. Mejia, sgt. Ethridge, police officers Herrera and Georgeson, and DOES 1 through 10 were members of the North Hollywood Division during the acts complained of herein.

15. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, and therefore sue these defendants by such fictitious names. Plaintiffs will amend this complaint to allege said defendants' true names and capacities when ascertained. Plaintiffs are informed and believe, that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiffs' injuries were proximately caused by the acts and/or omissions of said fictitiously named defendants.

16. Defendants DOES 1 through 10, were duly appointed police officers, Sergeants, Lieutenants, Captains, Commanders, executives and/or policymakers of the Los Angeles Police Department, a department and subdivision of defendant CITY OF LOS ANGELES, and at all times mentioned herein said defendants were acting in the course and scope of their employment with defendant CITY OF LOS ANGELES which is liable under the doctrine of respondent superior pursuant to Section 815.2 of the California Government Code. Claims have been filed against defendant CITY OF LOS ANGELES. Plaintiff will present said claim in this case.

17. Plaintiffs are informed and believe and based thereon allege that Defendants and each of them, are, and at all times herein mentioned were, the agents, joint venturers, officers, members, representatives, servants, consultants or employees of their co-defendants, and in committing the acts herein alleged, were acting within the scope of such affiliation with the knowledge, permission, consent or subsequent ratification of their co-defendants.

## III. FACTS COMMON TO ALL CAUSES OF ACTION

Complaint for Damages

## FALSE ARREST

18. Plaintiff Zinaida Doljenko is a disabled woman. Plaintiff Zinaida Doljenko does not feel her feet. Zinaida is very unstable on her feet, and she has serious troubles to walk.

19. The Incident Recall (page 1) demonstrates that policemen received a radio call regarding threatening to assault and to kill at about **18:35 p. m. – 18:45 p. m.** At about **18:50 p. m.**, policemen came to the apartment building and contacted scammer S. Kravchenko who made the **FALSE** 911 call on 03/27/19 and alleged threatening to assault and to kill.

20. On 03/27/19, at about 21:30 p. m., as the result of conspiracy between Defendants police officers of the LAPD and scammers and conspirators Svetlana Kravchenko (who made the **FALSE** 911 call on 03/27/19 alleging threatening to assault and to kill) and her sister Iryna Kravchenko, Plaintiff Zinaida Doljenko was intentionally and on **FALSE** grounds arrested by sgt. Mejia (#34655) and police officers Herrera (#33151) and Georgeson (#42757) from the North Hollywood Division  of the LAPD **in about three (3) hours after arrival policemen in the apartment. There was not any justification for defendants policemen to stay in the apartment for three (3) hours, committing terror and harassment of Plaintiff Zinaida Doljenko and not conducting investigations on truthfulness of allegations of threatening to assault and to kill made by scammer and co-conspirator S. Kravchenko (who made the FALSE 911 call).**

21. Defendants committed unlawful actions in the course and scope of performing their duties as members of the North Hollywood Division.

22. On or about March 27, 2019, Defendants DOES 1 through 10 approved, ratified the false arrest of Plaintiff Zinaida Doljenko, Plaintiff Zinaida Doljenko was FALSELY arrested, FALSELY imprisoned, Defendants initiated a criminal case on FELONY charges against Plaintiff Zinaida Doljenko and forced to go through the criminal case proceedings on fabricated FELONY charges.
The Court dismissed the criminal case against Plaintiff Zinaida Doljenko in July 2019.

Complaint for Damages

23. Defendants police officers Herrera, Georgeson and sgt. Mejia filed the **FALSE** Arrest

ReportDR# 19-15-08450. In the **Investigation** section of the Arrest Report (see page 2, 4th

paragr.), it is **FALSELY** stated the following by Defendants:

"We attempted **to mediate** a solution … While discussing

the situation **in the living room**, sgt. Mejia kept asking

Zinaida what will happen when we (police) leave tonight.

Zinaida kept speaking Russian and then would speak English.

With my partner, sgt. Mejia, Svetlana, Iryna and I present,

Zinaida angrily yelled at Svetlana "He will kill you" meaning

Genady will kill her."

The LAPD body worn video of 03/27/19 (**that we have**) CLEARLY demonstrates that Zinaida

answered sgt. Mejia's question this way, "*I will pack my stuff and leave early morning*" **[02:12:35**

**– 02:12:40]**.

Plaintiff Zinaida Doljenko never made any threats to anyone and particularly "He will kill you."

Defendants policemen never conducted an investigation regarding **truthfulness** of allegations of

threatening to assault and to kill made by scammer S. Kravchenko in her **FALSE** 911 call (as the

Arrest Report DR# 19-15-08450 demonstrates). There was NOT any basis for a mediation. The

LAPD video of 03/27/19 shows that this was **NOT** a mediation, but it was a **collusion and**

**conspiracy** committed by despicable defendants policemen (sgt. Mejia, Herrera and Georgeson) and

scammers Svetlana Kravchenko and I. Kravchenko.

Using the word "**to mediate"** in the Arrest Report DR# 19-15-08450, policemen intended to cover

up their unlawful actions committed on 03/27/19. The LAPD body worn video of 03/27/19

demonstrates how Defendants policemen Mejia, Herrera and Georgeson), wearing uniforms of

policemen of the LAPD, conducted their so-called "**mediation"**:

**(A)** Against Plaintiff Zinaida Doljenko's will, Defendant sgt. Mejia **despicably** brought her **to the**

 **living room for provocations** where conspirators S. Kravchenko and I. Kravchenko (S.

Kravchenko's sister) and three (3) policemen were standing **[01:55:50]** by saying, "*Come*

6

Complaint for Damages

*here, come here. I want to talk to both of you together*" in despite of Plaintiff Zinaida Doljenko

told Mejia, "*I do not want to talk to you before them (sisters Kravchenkos*)."

(B) The LAPD video of 03/27/19 demonstrates that policemen intentionally allowed conspirator

and scammer S. Kravchenko to commit performance and provocations in front of Plaintiff

Zinaida Doljenko, to ask Zinaida the inappropriate questions in Russian and to defame and to

insult her and Plaintiff Gennady Dolzhenko (who was **NOT** in the apartment) **in the living**

**room.**

(C) **In the living room**, Defendants policemen, committing conspiracy, were constantly

threatening Plaintiff Zinaida Doljenko with a jail, and Defendants policemen were

illegally **FORCING** Plaintiff Zinaida Doljenko to leave the apartment while policemen **DID**

**NOT** have any evidence against Plaintiff Zinaida Doljenko and Plaintiff Gennady Dolzhenko

(who  was **NOT** in the apartment. Defendants policemen were asking Plaintiff  Zinaida

Doljenko questions in front of Kravchenkos, and Defendants policemen were

illegally **FORCING** Zinaida to leave the apartment for which Plaintiffs paid rent. The LAPD

video of 03/27/19  demonstrates that conspirator and scammer S. Kravchenko holds

Plaintiffs' rent payment + deposit in the amount of $1,100 **[00:08:20].**

Not providing any grounds, Defendants policemen were asking Plaintiff Zinaida Doljenko **in**

**front of** Kravchenkos **in the living room**, "*Why are you not leaving?*" Plaintiff Zinaida

Doljenko responded to them, "*Why should I leave? I did not do anything*" **[02:02:20]**.

24. Innocent Plaintiff Zinaida Doljenko, who is a disabled woman, was **FALSELY and despicably**

arrested at the so-called "**mediation**" without a probable cause in **three (3) hours** after arrival of

Defendants policemen in the apartment. No civilized society will tolerate the imprisonment of the

innocent disabled woman. Nobody ever was handcuffed and arrested at the mediation.

25. THE ARREST REPORT **DR# 19-15-08450** DEMONSTRATES THAT DEFENDANTS

POLICEMEN, COMMITTING CONSPIRACY, NEVER CONDUCTED AN INVESTIGATION

Complaint for Damages

REGARDING **TRUTHFULNESS** OF ALLEGATIONS OF THREATENING TO ASSAULT AND TO

KILL MADE BY SCAMMER S. KRAVCHENKO IN HER **FALSE** 911 CALL ON 03/27/19. THE

ARREST REPORT MUST CONTAIN THE VERIFIED FACTS AND EVIDENCE BASED

ON WHICH THE SUSPECT WAS ARRESTED, WHILE THE ARREST REPORT (**DR# 19-15-**

**08450**) CONTAINS ONLY DELIRIUM AND **FALSE** ALLEGATIONS (TRUTHFULNESS

OF WHICH WAS NEVER INVESTIGATED BY DEFENDANTS POLICEMEN), PROVIDED BY

SCAMMER S. KRAVCHENKO IN HER **FALSE** 911 CALL AND AT THE PRESENCE OF

DEFENDANTS POLICEMEN WHEN THEY ARRIVED.

26. DEFENDANTS POLICEMEN, COMMITTING CONSPIRACY, NEVER GOT THE "**TIME**" WHEN THE

THREATENING TO ASSAULT AND TO KILL ALLEGEDLY OCCURRED. PLAINTIFFS **ZINAIDA**

**DOLJENKO AND GENNADY DOLZHENKO HAVE ALIBI**.

The Incident Recall (see page 1) demonstrates that policemen received a radio call

regarding threatening to assault and to kill at about **18:35 p. m. – 18:45 p. m.** At

about **18:50 p. m.**, policemen came to the apartment building and contacted scammer S.

Kravchenko who made the **FALSE** 911 call on 03/27/19 alleging threatening to assault

and to kill.

In the **Combined Crime Report** section of the Arrest Report (see page 1 of the Arrest

Report), the "**TIME**" is **FALSELY** indicated under the **Date and Time Crime Occurred:**

"*03/27/19    21:30*"

"**21:30**" is the time of arrest of Plaintiff Zinaida Doljenko on **FALSE** grounds **after**

**unjustified 3-hour stay of policemen in the apartment.** Between **18:50 p. m.** (time of

arrival policemen at the apartment building) and **21:30 p. m.** (time of arrest of Zinaida

on **FALSE** grounds), **almost three (3) hours passed.** Thus, Plaintiff Zinaida Doljenko

was arrested on **FALSE** grounds **in almost three (3) hours after arrival of**

**policemen**. **Neither** supervisor (sgt. Mejia (#34655)) **nor** Herrera (#33151) and

Georgeson (#42757) conducted an investigation regarding **truthfulness** of allegations of

Complaint for Damages

threatening to assault and to kill (made by scammer S. Kravchenko in her **FALSE** 911 call and at the presence of policemen when they arrived). Defendants policemen of the LAPD (Mejia, Herrera and Georgeson) were committing conspiracy with scammers Kravchenkos having an intention to arrest innocent Plaintiff Zinaida Doljenko and Plaintiff Gennady Dolzhenko, to kick out Plaintiffs from the apartment, and to steal our personal property including money in the amount of $1,800.

27.   On 03/27/19, Defendant policeman Herrera asked Plaintiff Zinaida Doljenko, "*Did you threaten S. Kravchenko?*" Zinaida asked policeman Herrera a simple and reasonable question, "*WHEN?*" If Defendant policeman Herrera would be an honest policeman, he would get the "**TIME**" at the very beginning. But **neither** Herrera **nor** other policemen got the "**TIME**" when threatening to assault and to kill, alleged by scammer S. Kravchenko, occurred. It is clear that Defendants policemen committed **conspiracy** and acted as **DISHONEST, DESPICABLE AND IMMORAL** individuals. **PLAINTIFFS ZINAIDA AND GENNADY HAVE ALIBI**. Defendants policemen never conducted any investigation regarding **truthfulness** of allegations of threatening to assault and to kill, made by scammer S. Kravchenko in her **FALSE** 911 call and at the presence of policemen when they arrived.

28. THE ARREST REPORT ALSO DEMONSTRATES THAT DEFENDANTS POLICEMEN WERE **NEVER** SEPARATELY QUESTIONING TWO SCAMMERS AND CONSPIRATORS – IMMORAL SISTERS SVETLANA KRAVCHENKO AND IRYNA KRAVCHENKO AND **NEVER** COMPARED THEIR ANSWERS.

29. POLICEMEN INTENTIONALLY  **DID NOT** CHECK THE SECURITY CAMERA THAT IS INSTALLED BY THE ENTRANCE/EXIT OF THE APARTMENT BUILDING.

30. In the **ARREST** section of the Arrest Report (see page 2), it is **FALSELY** stated that "Zinaida refused to walk on her own." The LAPD video of 03/27/19 demonstrates that Zinaida repeatedly told that she is a disabled woman, and Zinaida was asking policemen for 3 hours to leave her alone because **nobody ever threatened scammer and conspirator S. Kravchenko**. In fact,

Zinaida told that she cannot go on her own. The LAPD video of 03/27/19 also shows that Defendants policemen have seen serious conditions of Zinaida's legs, but intentionally and **FALSELY** wrote "skin rash" in the Arrest Report concealing serious conditions of Plaintiff Zinaida Doljenko's legs and feet and 3-hour terror, harassment and torturing, committed by defendants policemen **[02:33:00]**. Defendants policemen intentionally **DID NOT** put in the Arrest Report the fact that **Plaintiff Zinaida Doljenko is a disabled woman** in despite of she repeatedly told them about this as demonstrated in the LAPD video of 03/27/19 **[00:26:25].**

31. Because of the unlawful actions of despicable and immoral defendants policemen sgt. Mejia, Herrera, Georgeson, sgt. Eubank and detective Godinez, now innocent Plaintiffs Zinaida Doljenko and Gennady Dolzhenko are responsible for the **FELONY bond payment in the amount of $5,000 to the bond company.** Plaintiff Zinaida had/has a clean background, and Zinaida has never been convicted of any crime. Having a clean background, Zinaida was unable to get out the jail on her promise to come to the court, because the **FELONY (F)** charge was intentionally and despicably indicated in the **FALSE** Arrest Report and in the Booking Approval (LAPD) signed and approved by corrupt sgt. Eubank.

The **TYPE** section of the Arrest Report (see page 1), it is **intentionally, despicably and maliciously** indicated the **FELONY (F)** charge, and the sections "BAIL" and "TOTAL BAIL" of the Arrest Report demonstrate that **FELONY** bond in the amount of **$50,000** was assigned **for the innocent disabled woman**. The **CHARGE AND CODE** section demonstrates **422(A) PC (Criminal Threats)**. Later the **FELONY** charge was changed for **MISDEMEANOR** by the City Attorneys who initiated the criminal case against Zinaida on **FALSE** grounds. The criminal case against Zinaida was dismissed on 07/10/19. THE BOOKING APPROVAL (LAPD), signed by corrupt sgt. Eubank (#35344) and detective Godinez (#27207), also demonstrates the **FELONY** charge 422 PC and

Complaint for Damages

the **BAIL** in the amount of **$50,000** that was **intentionally, despicably and maliciously** assigned **for the innocent disabled woman**.

32. Moreover, in the Booking Approval (LAPD), corrupt sgt. Eubank (#35344) made the O.R. determination and **intentionally, despicably and maliciously** marked the O.R. reason No. 8 that states in the **Conditions for Non-Eligibility for Release** in the Booking Approval:

> "8. There is a reasonable likelihood that
>
>  the offense or offenses will continue
>
>  resume, or that the safety of persons
>
>  or property will be imminently endangered
>
>  by release of the person arrested."

33. The false arrest of Plaintiff was a result of the unconstitutional policies, practices and procedures in place at the City of Los Angeles Police Department. Said policies, practices and procedures were sanctioned, authorized and ratified by the Defendants CITY OF LOS ANGELES and Chief Michel Moore  and by supervising and administrative personnel, including but not limited to, Sergeants, Lieutenants, Captains, Commanders, and other supervising staff. The City of Los Angeles and Chief Michel Moore ratify and condone illegal acts of LAPD officers. The City of Los Angeles and the Los Angeles Police Department ratify, condone the filing of false police reports and arrest reports to "cover up" false arrests, and other misconduct.

34. The CITY OF LOS ANGELES ratifies, condones the false arrests, the falsification of evidence, the filing of false police reports and arrest reports, perjury, and other misconduct.

35. Defendants subjected Plaintiff Zinaida Doljenko to the arrest with excessive force  in violation of Plaintiff's civil rights. The LAPD video of 03/27/19 demonstrates that Plaintiff Zinaida Doljenko was treated with brutality during and after the FALSE arrest. The LAPD video demonstrates that defendants used excessive force when they handcuffed innocent disabled Plaintiff. The LAPD video demonstrates that defendants policemen, forcing to walk, physically pushed disabled handcuffed plaintiff, who has serious troubles to walk. Defendants grabbed Plaintiffs ill legs with the force causing her severe pain.

36. The Arrest Report intentionally **DOES NOT** contain anything what Zinaida told and explained to police officers **for three (3) hours**. For instance, on 03/26/19, scammers S.

Complaint for Damages

Kravchenko and A. Shaferman attacked our room door, broke our door lock by drilling it and threatened to tear Zinaida's head off, and Zinaida called police on 03/26/19. The LAPD video of 03/27/19 demonstrates that S. Kravchenko admitted the **forcible entry** on 03/26/19 by saying, "*We have to open the door*" **[00:10:44 - 00:10:57].**

37. Plaintiff Zinaida Dolzhenko was FALSELY arrested, FALSELY imprisoned. Defendants initiated the criminal case against Plaintiff Zinaida Doljenko and forced Plaintiff to go through the criminal case proceedings on fabricated FELONY charges. The criminal case against Plaintiff Zinaida Doljenko was dismissed in July 2019.

**UNLAWFUL SEARCH**

38. **The LAPD video of 03/27/19 shows that Defendant sgt. Mejia threatened Plaintiff Zinaida Doljenko with a jail, and Mejia held his fist in front of Zinaida's face with the intention to hit her and to hurt her when Zinaida refused despicable Mejia to enter Plaintiff's room and to commit search not having any evidence against Plaintiffs**.

39. The LAPD video of 03/27/19 demonstrates that defendant sgt. Mejia, when he came to the apartment, was never speaking to Plaintiff Zinaida Doljenko regarding the alleged threats, but defendant Mejia told that he believes scammer S. Kravchenko's allegations **NOT** conducting an investigation regarding **truthfulness** of allegations of threatening to assault and to kill (made by scammer S. Kravchenko in her **FALSE** 911 call and at the presence of policemen when they arrived) and **NOT** having any evidence against Plaintiffs Zinaida Doljenko and Gennady Dolzhenko**.**

40. The LAPD body worn video of 03/27/19 demonstrates that later sgt. Mejia, policemen Herrera and Georgeson **exceeded their authority** and insolently and **illegally** committed search in Plaintiff's room with the intention to arrest Gennady **not** having any evidence against Zinaida and Gennady and **not** conducting an investigation regarding **truthfulness** of allegations of threatening to assault and to kill (made by scammer S. Kravchenko in her **FALSE** 911 call) **[01:53:40].** Gennady was **NOT** in the apartment.

Complaint for Damages

41. The Arrest Report **conceals**, but the LAPD video of 03/27/19 demonstrates that, **NOT** having any findings and evidence against Zinaida and Gennady, policemen **illegally** committed search for Gennady in our room with the intent to arrest him **[01:53:40].** Gennady was **NOT** in the apartment. The LAPD video of 03/27/19 demonstrates that policeman Georgeson told scammer S. Kravchenko, "*If brother comes back, do not open the door. Call us*" **[02:27:45].** Mejia also told scammer S. Kravchenko the same**.**

**THEFT OF PLAINTIFFS' PERSONAL PROPERTY**

42. The Arrest Report **conceals**, but the LAPD video of 03/27/19 demonstrates that, after the FALSE arrest, Defendants policemen entered Plaintiffs' room and stole Plaintiffs' personal property including money in the amount of $1,800 **and/or** allowed scammer S. Kravchenko to commit the trespassing by entering Plaintiffs' room and to dig through Plaintiffs' personal property without Plaintiff Zinaida Doljenko's permission and to commit theft of Plaintiffs' personal property including money in the amount of $1,800 **[02:22:51, 02:23:03].** The LAPD video of 03/27/19 demonstrates that, 10 minutes before trespassing by scammer S. Kravchenko, Plaintiff Zinaida Doljenko told, "*I do not allow her (scammer S. Kravchenko) to get in*" **[02:05:19].** The LAPD video of 03/27/19 demonstrates that defendant sgt. Mejia told, "*She (S. Kravchenko) is putting in the bag for you. Thank you*" **[02:22:26]** after Plaintiff Zinaida Doljenko **repeatedly** told defendants policemen that scammer S. Kravchenko is stealing Plaintiffs' stuff**.**

**ILLEGAL LOCKOUT**

43. **The LAPD body worn video of 03/27/19 demonstrates that Defendants policemen told scammer and co-conspirator S. Kravchenko (who DID NOT have any court's order) to immediately change the locks on the entry door after the arrest on FALSE grounds [02:27:36, 02:37:57], while Plaintiff Gennady Dolzhenko was NOT in the apartment and Defendants policemen DID NOT have any evidence against Plaintiffs as demonstrated in the Arrest Report DR# 19-15-08450.** Plaintiffs were illegally kicked out from the apartment where they lived by defendants. **Thus, depriving Plaintiffs of their constitutional rights (including**

Complaint for Damages

**Due Process of law), defendants Mejia, Herrera and Georgeson evicted Plaintiffs**

**without a court's order and without complying with Due Process of law.**

44. **Plaintiffs were subjected to living in the street without any means for living.** The period of time, for which Plaintiffs made the rent payment, was **NOT** expired on 03/27/19 as demonstrated by the Rent Receipt signed by S. Kravchenko. **Thus, conspirator and scammer S. Kravchenko also stole Plaintiff's rent payment + deposit.** The LAPD video of 03/27/19 demonstrates that co-conspirator and scammer S. Kravchenko also holds Plaintiffs' rent payment + deposit in the amount of $1,100 **[00:08:20].**

45. The actions taken by Defendants sgt. Mejia, police officers Herrera and Georgeson and DOES 1-10 were under color of state law and deprived Plaintiffs of their constitutional rights including, but not limited to, the rights to Due Procrss and equal protection under the 14th Amendment of the United States Constitution. Thus, Plaintiffs were deprived of their civil rights in violation of 42 U.S.C. Sect. 1983.

46. Plaintiffs have been damaged by the actions of such defendants, including, but not limited to, loss of housing and personal property, and experiencing extreme emotional distress. The actions by Defendants in depriving Plaintiffs of such rights were intentional and malicious and deserving the imposition of exemplary damages against such Defendants.

47. Defendant City of Los Angeles, California is liable under 42 USC Sect. 1983 for the actions of its police officers because such actions were in conformance with the custom, policy and practice of the Police Department.

48. On 03/29/19, Plaintiff Zinaida Doljenko came back to the apartment where Plaintiffs lived. The locks were changed on 03/27/19, and Plaintiff was unable to get to Plaintiffs' room. The LAPD video of 03/27/19 demonstrates that scammer S. Kravchenko holds Plaintiffs' payment in the amount of $1,100, and the period of time for which Plaintiffs paid was not expired on 03/27/19. On 03/29/19, Plaintiff Zinaida Doljenko called police, and she told police officers that she wants to get in. Police officers called scammer S. Kravchenko and she deceived them by saying that she has a Temporary

Complaint for Damages

Restraining Order against me.  Failing to check the truthfulness of this allegation, police officers left. In fact, committing FRAUD UPON THE COURT, someone whose name is Alexander Shaferman, not Kravchenko) obtained a Temporary Restraining Order against me only on 04/02/19. On 04/10/19, the Court issued the First Amended Temporary Restraining Order allowing Plaintiff Zinaida Doljenko to get inside of the apartment where Plaintiffs lived. On 04/12/19, Plaintiff Zinaida Doljenko appeared at the address 6039 Whitsett Ave., North Hollywood, CA and called police for enforcement of the Court's Order of 04/10/19. Defendant dishonest sgt. Ethridge, who came on 04/12/19, also had a collusion with scammer S. Kravchenko. As a sergeant of the LAPD, Ethridge acted disgracefully speaking with Kravchenko when she was standing on her balcony, and defendant Ethridge's head was at the level of Kravchenko's waist when he was speaking to Kravchenko. It looked so humiliating for a sergeant of the LAPD to speak to someone like this. Ethridge never requested Kravchenko to open the entry  door of the apartment for him. Defendant Ethridge demonstrated absolute unprofessionalism and dishonesty for the law enforcement officer.

Defendant Ethridge was speaking to scammer S. Kravchenko  by her balcony for about one hour. After that Kravchenko left from the balcony, and defendant Ethridge came up to Plaintiff Zinaida Doljenko and tild that Kravchenko "tricked them and left". Dishonest defendant Ethridge also told Plaintiff Zinaida Doljenko that he cannot help her Dishonest Ethridge was covering up Kravchenko's unlawful actions ( making false 911 call on 03/27/19, illegal lockout, theft of Plaintiffs' rent payment Plaintiffs' personal property including money in the amount of $1,800). It is clear that defendant Ethridge had a collusion with scammer Kravchenko, played her games and allowed her to leave.

On 04/15/19, scammer Kravchenko filed a Request for Civil Harassment Restraining Orders again against Plaintiff Zinaida Doljenko in despite of her 911 call unsupported allegations were made mostly against Gennady Dolzhenko. The Court never granted Kravchenko any Temporary Restraining Orders and Kravchenko's case was dismissed. Shaferman's case was also dismissed.

On 04/12/19, unintelligent and dishonest defendant Ethridge insulted the judge, who issued the First Amended Order of 04/10/19, by stating that he (Ethridge) can cancel the judge's foolish order.

On 04/12/19, dishonest Ethridge disallowed Plaintiff Gennady Dolzhenko to enter the apartment

Complaint for Damages

threatening him with an arrest in despite of Plaintiff Gennady Dolzhenko never committed any crime.

### FIRST CAUSE OF ACTION

**VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS GUARANTEED BY**
**THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS OF THE**
**CONSTITUTION OF THE UNITED STATES**
**(FALSE ARREST, EXCESSIVE FORCE, UNLAWFUL SEARCH, THEFT OF PLAINTIFF'S**
**PERSONAL PROPERTY AND ILLEGAL LOCKOUT).**

[AS TO ALL DEFENDANTS]

49. Plaintiffs repeat and re-allege each and every allegation above as though fully set forth herein.

50. This action is brought pursuant to 42 U.S.C, §1983, and the Fourth and Fourteenth Amendments of the United States Constitution.

51. Defendants had no legal cause to arrest Plaintiff Zinaida Doljenko.

52. Defendants subjected Plaintiff Zinaida Doljenko to the arrest with excessive force  in violation of Plaintiff's civil rights.

53. As the Arrest Report DR# 19-15-08450 demonstrates, Defendants never investigated this matter thoroughly and properly.

54. On or before March 27, 2019, Plaintiff Zinaida Doljenko possessed the right, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable seizures and false arrests by police officers acting under the color of law.

55. On March 27, 2019, Defendants sgt. Mejia, policemen Herrera and Georgeson  and Does 1-10 without any justification, detained and falsely arrested Plaintiff Zinaida Doljenko, who is a disabled woman. The said Defendants did not have any legal justification to detain or arrest Plaintiff Zinaida Doljenko. The Defendants sgt. Mejia, policemen Herrera and Georgeson did not have any probable cause to arrest Plaintiff Zinaida Doljenko and instead the said Defendants fabricated a "pretext" to arrest Plaintiff. The said Defendants also wrote FALSE Arrest Report to "cover up" the false arrest of Plaintiff Zinaida Doljenko. On or about March 27, 2019, Defendants DOES 1 through 10 approved, ratified the false arrest of Plaintiff Zinaida Doljenko.

56. Defendants' conduct deprived the plaintiff of her Fourth Amendment right to be free from arrest unsupported

Complaint for Damages

by warrant or probable cause. In so acting, Defendants abused their power and authority as officers of the LAPD under the color of state and/or local law.

57. Upon information and belief, Defendants had a policy and/or custom of arresting and detaining individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, PlaintiffZinaida Doljenko was arrested despite the fact that she had not violated any law or committed any crime.

58. Defendants sgt. Mejia, policemen Herrera and Georgeson, without just and legal cause, violated Plaintiff Zinaida Doljenko's rights under the laws and Constitution of the United States, in particular the Fourth Amendment of the United States Constitution. Plaintiff Zinaida Doljenko, who is a disabled woman, was falsely arrested and falsely imprisoned. Defendants initiated the criminal case against Plaintiff and forced Plaintiff to go through the criminal case proceedings on fabricated FELONY charges. The Court dismissed the criminal case against Plaintiff Zinaida Doljenko in July 2019.

## SECOND CAUSE OF ACTION

### MONELL MUNICIPAL LIABILITY FOR VIOLATION OF PLAINTIFFS' CONSTITUTIONAL RIGHTS

[AS TO THE CITY OF LOS ANGELES]

59. Plaintiffs repeat and re-allege each and every of the foregoing allegations above as though fully
set forth herein.

60. Defendant CITY OF LOS ANGELES manifests a deliberate indifference to the violation of constitutional rights of the residents of the City of Los Angeles, including Plaintiff herein. This deliberate indifference is manifested by the failure to change, correct, revoke, or rescind policies, procedures, and customs, in light of prior knowledge by said Defendant CITY OF LOS ANGELES, and its policymakers, of indistinguishably similar incidents to residents of Los Angeles.

61. It is the policy, practice, and custom of the defendant CITY OF LOS ANGELES of ignoring violations of Civil Rights, and to condone cases where the residents are victims of false arrests and/or other police misconduct.

62. The foregoing acts and systemic deficiencies, policies and customs of said defendant CITY OF LOS ANGELES caused defendants sgt. Mejia, policemen Herrera and Georgrson to ignore the Federal Constitution and laws governing proper police tactics and to believe that false arrests,

17

Complaint for Damages

fabrication of probable cause, writing of false police reports and arrest reports, perjury and other misconduct is entirely within the discretion of the officer, and that false arrests, fabrication of probable cause, and perjury would not be honestly and properly investigated, all with the foreseeable result that said defendant officers would fabricate evidence, fabricate probable cause, falsely arrest residents, commit perjury and other misconduct, thereby violating the civil rights of the of the residents of the City of Los Angeles, and of Plaintiffs herein.

63. As a result of the aforementioned acts, systematic deficiencies, policies, procedures, customs and practices of defendant CITY OF LOS ANGELES and its Police Department, defendants sgt. Mejia, policemen Herrera and Georgeson falsely arrested Plaintiff Zinaida Doljenko on March 27, 2019 in violation of the Fourth Amendment.

64. As a direct and proximate result of the aforementioned policies, procedures, customs and practices of defendant CITY OF LOS ANGELES, Plaintiff Zinaida Doljenko was falsely arrested, falsely imprisoned. Defendants initiated a criminal case against Plaintiff and forced to go through court proceedings on fabricated FELONY charges, thereby suffering permanent injuries.

65. The Defendants, the CITY OF LOS ANGELES and Police Chief Michel Moore have policies, procedures, customs and practices which violate the Constitutional rights of residents and which manifest a deliberate indifference to the civil rights of the residents of Los Angeles by:

(a) Failing to discipline police officers who engage in practices and illegal acts such as false detentions, false arrests, fabrication of evidence;

(b) Failing to adequately train LAPD officers and Commanders in the proper supervision, command and control of police officers, and failing to train in proper police procedures within the Fourth Amendment of the United States Constitution;

(c) Failing to adequately train LAPD officers and Commanders in proper police tactics to prevent false arrests, fabrication of probable cause of those residents falsely arrested;

(d) Failing to adequately train LAPD officers and Commanders in proper police practices and procedures arrests;

(e) Failing to adequately train LAPD officers and Commanders in proper police tactics to avoid using excessive force;

(f) Failing to adequately train LAPD officers and Commanders in the proper police tactics and procedures in avoiding the use of force against persons who are compliant or have complied with police officers;

(g) Failing to properly supervise police officers of the City of Los Angeles so that unlawful conduct by the police officers would not be permissible and would be prevented;

18

(h) Failing to train police officers to prevent false arrests and falsification of charges against persons who have not committed any crime or public offense; and,

(i) Failing to train to prevent LAPD officers to prevent officers from committing perjury and engaging in other misconduct;

(k) Failing to supervise the North Hollywood Division to prevent illegal arrests, fabrication of evidence, perjury, and other misconduct within the North Hollywood Division.

The customs, policies, and practices of the Defendant CITY OF LOS ANGELES caused the constitutional injuries to Plaintiffs herein. In addition, the actions by Defendants in depriving Plaintiffs of such rights were intentional and malicious and deserving of the imposition of exemplary damages against such Defendants.

66. Defendant CITY OF LOS ANGELES, CALIFORNIA is liable under 42 U.S.C. Sect. 1983 for the actions of its police officers because such actions were in conformance with the custom, policy or practice of the Police Department. Therefore Defendant CITY OF LOS ANGELES, CALIFORNIA is liable for the actual damages sustained by Plaintiffs (excluding punitive damages).

## THIRD CAUSE OF ACTION

### FALSE ARREST PURSUANT TO STATE LAW

(AS TO ALL DEFENDANTS)

67. Plaintiffs repeat and re-allege each and every of the foregoing allegations above as though fully set forth herein.

68. The seizure, arrest, and imprisonment of Plaintiff Zinaida Doljenko was unlawful in that Defendants had no probable cause to arrest, and/or imprison Plaintiff.

69. By reason of Defendants' acts and/or omissions, Defendants, acting in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of her liberty when they subjected Plaintiff to an unlawful, illegal, and excessive arrest, in violation of state law.

70. By reason of the foregoing, Plaintiff suffered physical and psychological injuries, mental anguish, economic damages, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## FOURTH CAUSE OF ACTION

19

Complaint for Damages

**ILLEGAL LOCKOUT PURSUANT TO STATE LAW**

(AS TO ALL DEFENDANTS)

71  Plaintiffs repeat and re-allege each and every of the foregoing allegations above as though fully set forth herein.

**72. The LAPD body worn video of 03/27/19 demonstrates that Defendants policemen told scammer and co-conspirator S. Kravchenko (who DID NOT have any court's order) to immediately change the locks on the entry door after the arrest on FALSE grounds [02:27:36, 02:37:57], while Plaintiff Gennady Dolzhenko was NOT in the apartment and Defendants policemen DID NOT have any evidence against Plaintiffs as demonstrated in the Arrest Report DR# 19-15-08450.** Plaintiffs were illegally kicked out from the apartment where they lived by defendants. **Thus, depriving Plaintiffs of their constitutional rights (including Due Process of law), defendants Mejia, Herrera and Georgeson evicted Plaintiffs without a court's order and without complying with Due Process of law.**

73 **Plaintiffs were subjected to living in the street without any means for living.** The period of time, for which Plaintiffs made the rent payment, was **NOT** expired on 03/27/19 as demonstrated by the Rent Receipt signed by S. Kravchenko. **Thus, conspirator and scammer S. Kravchenko also stole Plaintiffs' rent payment + deposit.** The LAPD video of 03/27/19  demonstrates that co-conspirator and scammer S. Kravchenko also holds Plaintiffs' rent payment in the amount of $1,100 **[00:08:20].**

74 Plaintiffs have been damaged by the actions of such defendants, including, but not limited to, loss of housing and personal property, and experiencing extreme emotional distress. The actions by Defendants in depriving Plaintiffs of such rights were intentional and malicious and deserving the imposition of exemplary damages against such Defendants.

75 In April 2019, having the First Amended Temporary Restraining Order of 04/10/19, allowing Plaintiff Zinaida Doljenko to enter the apartment where Plaintiffs lived, police officers and sergeants of the LAPD refused to help Plaintiff to enter the apartment for which Plaintiffs paid rent.

76 By reason of Defendants' acts and/or omissions, Defendants, acting in gross

Complaint for Damages

and wanton disregard of Plaintiffs' rights, deprived Plaintiffs of their home when they subjected Plaintiffs to an unlawful lockout in violation of state law.

77. By reason of the foregoing, Plaintiffs suffered mental anguish, economic damages, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

**FIFTH CAUSE OF ACTION**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(AS TO ALL DEFENDANTS)**

78. Plaintiffs repeat and re-allege each and every of the foregoing allegations above as though fully set forth herein.

79 The conduct of Defendants Chief Michel Moore, sgt. Mejia, sgt. Matt Ethridge, police officers Herrera and Georgeson, and DOES 1-10 was outrageous and intended to cause Plaintiffs emotional distress or with reckless disregard of the probability that Plaintiffs would suffer emotional distress.

80 Plaintiffs have suffered emotional distress.

81 The conduct of defendants Chief Michel Moore, sgt. Mejia, sgt. Matt Ethridge, police officers Herrera and Georgeson, and DOES 1-10 was a substantial factor in causing Plaintiffs' severe emotional distress.

**SIXTH CAUSE OF ACTION**

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**(AS TO ALL DEFENDANTS)**

82. Plaintiffs repeat and re-allege each and every of the foregoing allegations above as though fully set forth herein.

83 The conduct of Defendants Chief Michel Moore, sgt. Mejia, sgt. Matt Ethridge, police officers Herrera and Georgeson, CITY OF LOS ANGELES, CALIFORNIA, and DOES 1-10 was negligent.

84 Plaintiffs have suffered emotional distress.

Complaint for Damages

85.   The conduct of Defendants was a substantial factor in causing Plaintiffs' severe emotional distress.

86.   Defendant CITY OF LOS ANGELES, CALIFORNIA is liable for the actions of its employees.

WHEREFORE, Plaintiffs pray for judgement with respect to each cause of action against the Defendants, jointly and severally, identified in such cause of action, as follows:

## FIRST CAUSE OF ACTION

(1)  For compensatory damages against Defendants Chief Michel Moore, sgt. Mejia, sgt. Matt Ethridge, police officers Herrera and Georgeson, CITY OF LOS ANGELES, CALIFORNIA and DOES 1-10 in an amount exceeding $125,000 to be . proven at trial;

(2)  For punitive damages against Defendants Chief Michel Moore, sgt. Mejia, sgt. Matt Ethridge, police officers Herrera and Georgeson, CITY OF LOS ANGELES, CALIFORNIA  and DOES 1-10 in an amount to be determined at trial.

### SECOND CAUSE OF ACTION

(1)  For compensatory damages against Defendants CHIEF MICHEL MOORE, and CITY OF LOS ANGELES, CALIFORNIA in an amount exceeding $125,000 to be proven at trial.

## THIRD CAUSE OF ACTION

(1)  For compensatory damages against Defendants Chief Michel Moore, sgt. Mejia, sgt. Matt Ethridge, police officers Herrera and Georgeson, CITY OF LOS ANGELES, CALIFORNIA and DOES 1-10 in an amount exceeding $125,000 to be . proven at trial;

(2)  For punitive damages against Defendants Chief Michel Moore, sgt. Mejia, sgt. Matt Ethridge, police officers Herrera and Georgeson, CITY OF LOS ANGELES, CALIFORNIA  and DOES 1-10 in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

(1)  For compensatory damages against Defendants Chief Michel Moore, sgt. Mejia, sgt. Matt Ethridge,

22

police officers Herrera and Georgeson, CITY OF LOS ANGELES, CALIFORNIA and DOES 1-10 in an amount exceeding $125,000 to be proven at trial;

(2) For punitive damages against Defendants Chief Michel Moore, sgt. Mejia, sgt. Matt Ethridge, police officers Herrera and Georgeson, CITY OF LOS ANGELES, CALIFORNIA and DOES 1-10 in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

1   For compensatory general, special damages, and economic damages against Chief Michel Moore, sgt. Mejia, sgt. Matt Ethridge, police officers Herrera and Georgeson, CITY OF LOS ANGELES, CALIFORNIA and DOES 1-10 in an amount exceeding $125,000 to be proven at trial;

(2) For punitive damages against Defendants Chief Michel Moore, sgt. Mejia, sgt. Matt Ethridge, police officers Herrera and Georgeson, CITY OF LOS ANGELES, CALIFORNIA and DOES 1-10 in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

(3) For compensatory general, special damages, and economic damages against Defendants Chief Michel Moore, sgt. Mejia, sgt. Matt Ethridge, police officers Herrera and Georgeson, and CITY OF LOS ANGELES, CALIFORNIA and DOES 1-10 in an amount exceeding $125,000 to be proven at trial;

(4) For punitive damages against Defendants Chief Michel Moore, sgt. Mejia, sgt. Matt Ethridge, police officers Herrera and Georgeson, CITY OF LOS ANGELES, CALIFORNIA and DOES 1-10 in an amount to be determined at trial.

## ON ALL CAUSES OF ACTION

(1) For costs and expenses incurred on this action including those fees permitted by 42 U.S.C. §1988; and

(2) Prejudgment interest according to proof;

(3) For such other and further relief in law and equity that the Court deems just and proper.

Dated: March 26, 2021

Complaint for Damages

Gennady Dolzhenko, Plaintiff

Zinaida Doljenko, Plaintiff

Complaint for Damages