UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZINAIDA DOLJENKO and GENNADY DOLZHENKO,<br><br>Plaintiffs<br><br>v.<br><br>THE CITY OF LOS ANGELES, et al.,<br><br>Defendants. | Case No. 2:21-cv-02818-DSF (GJS)<br><br>**ORDER SUMMARILY DISMISSING ACTION** |

As part of the inherent authority to control its docket, the Court is summarily dismissing this action without prejudice because it is duplicative of a prior pending case, CV 21-02088-DSF (GJS).[1] The Complaints in both cases were brought by the same Plaintiffs, name many of the same defendants, and list nearly identical claims all arising from the same incident—Plaintiff Zinaida Doljenko's[2] March 27, 2019 arrest for allegedly making criminal threats.

On March 29, 2021, Plaintiffs Zinaida Doljenko and Gennady Dolzhenko, proceeding *pro se* and *in forma pauperis*, filed the instant civil rights action pursuant

---

[1] Plaintiffs' Complaint in CV 21-02088 was filed on March 5, 2021 and is currently awaiting screening pursuant to 28 U.S.C. § 1915(a) and (e)(2).

[2] The Court uses Zinaida Doljenko's first name to avoid confusion with the other named plaintiff, Gennady Dolzhenko.

to 42 U.S.C. § 1983 against the City of Los Angeles, Chief Michel Moore, Sergeant Mejia, Sergeant Matt Ethridge, Police Officer Herrera, and Police Officer Georgeson seeking damages ("*Doljenko II*"). Plaintiffs allege that on March 27, 2019, Zinaida was falsely arrested after her landlord "S. Kravchenko" made a "false 911 call" alleging that Plaintiff had threatened to "assault and kill" her. (Compl. ¶ 19.) Following the call, Defendant police officers Mejia, Herrera, and Georgeson arrived at the apartment, questioned Zinaida for over three hours about the alleged threats, and ultimately arrested her. (Compl. ¶¶ 20, 22.) Zinaida was initially charged with a felony for making criminal threats, however, that charge was later reduced to a misdemeanor and eventually dismissed on July 10, 2019. (Compl. ¶ 31.) Plaintiffs claim that the individual Defendant officers arrested her without a warrant and without first conducting a proper investigation regarding the "truthfulness of allegations of threatening to assault and to kill." (Compl. ¶ 25.) Plaintiffs claim that arresting officers' conduct amounted to false arrest, unlawful search and seizure, and excessive force. As to the City of Los Angeles and Chief Michel Moore, Plaintiffs allege that Zinaida's false arrest was the "result of unconstitutional policies, practices and procedures in place at the City of Los Angeles Police Department." (Compl. ¶ 33.) Plaintiffs also allege related state law claims stemming from the March 27, 2019 arrest including "false arrest, illegal lockout, intentional infliction of emotional distress, and negligent infliction of emotional distress." (Compl. ¶¶ 67-86.)

On March 5, 2021, Plaintiffs, again proceeding *pro se* and *in forma pauperis*, filed a similar civil rights complaint pursuant to 42 U.S.C. § 1983 against the City of Los Angeles, Chief Michel Moore, Assistant Chief Robert Arcos, Captain Rafael Ramirez, Captain Richard Gabaldon, Lieutenant Robert Toledo, Sergeant Matt Ethridge, Sergeant Jeff Beck, and Detective Joseph Hampton. *See Dolzhenko v. City of Los Angeles*, No. 2:21-CV-2088-DSF (GJS) (C.D. Cal. Mar. 5, 2021) ("*Dolzhenko I*"). Like the instant complaint, Plaintiffs' Complaint in Case No. CV

21-2088 includes substantially all of the factual allegations and claims asserted in *Doljenko II* including identical claims of false arrest, unlawful search and seizure, excessive force, *Monell* liability and state law tort claims for intentional and negligent infliction of emotional distress all stemming from Zinaida's March 27, 2019 arrest.

## DISCUSSION

Under the doctrine against claim splitting, a party is "not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fails." *United States v. Haytian Republic*, 154 U.S. 118, 125 (1894). This rule "protect[s] the defendant from being harassed by repetitive actions based on the same claim." *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir. 1995). In contrast to a *res judicata* dismissal, dismissal for claim splitting does not require the entry of a judgment in the first action. *Comm'r v. Sunnen*, 333 U.S. 591, 597 (1948); *see also Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011). To ascertain whether a complaint is subject to dismissal for claim splitting, the Court must examine whether the causes of actions in the two suits are the same and the parties to the suits are the same or in privity. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

To determine whether successive causes of action are the same, this Court applies the "transaction test," which was developed in the context of claim preclusion. *See id*. at 688. In applying the transaction test, four criteria are relevant:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

3

*Id.* The final criterion is also the most important. *See United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011).

Relatedly, "[t]here is no abuse of discretion where a district court dismisses under [28 U.S.C.] § 1915 a complaint that merely repeats pending or previously litigated claims." *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quotation marks omitted); *see also Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits") (internal quotation marks and citation omitted). It is also well-established that "[a]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively." *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (*quoting Aloe Vera of America, Inc. v. United States*, 376 F.3d 960, 964-65 (9th Cir. 2004)).

Here, in both this case and Case No. CV 21-2088, Plaintiffs bring substantially the same claims regarding the same exact incident involving Plaintiff Zinaida's arrest following her landlord's call to the police. Having reviewed both complaints, the Court concludes there is no justification for allowing these two separate cases to proceed simultaneously based on what plainly is a single Section 1983 attack on Zinaida's warrantless arrest. Although both complaints involve substantially the same subject matter, the Court also notes that the causes of action and the listed defendants are not completely identical. For example in *Dolzhenko I*, in addition to Plaintiffs' allegations regarding Zinaida's unlawful arrest, Plaintiffs allege claims against various officers at the North Hollywood police department for failing to properly investigate the March 27 arrest. (Compl. ¶ 18.) But in *Doljenko II*, Plaintiffs do not mention the complaints to the North Hollywood police department following the arrest, but instead focus their claims on the actions of the arresting officers during the March 27, 2019 arrest. Despite these slight variations,

Plaintiffs' instant complaint violates the rule against claim splitting, which "prevent[s] the same plaintiff from filing multiple suits alleging the same claims against the same defendant when one suit will do." *Beckerley v. Alorica, Inc.*, 14-cv-0836, 2014 U.S. Dist. LEXIS 132070, 2014 WL 4670229, at *4 (C.D. Cal., Sept. 17, 2014). Because the rule against claim splitting forecloses Plaintiffs' ability to bring two separate actions involving the same subject matter at the same time in the same court against many of the same defendants, dismissal of the instant action is appropriate.

Further, dismissal will not prejudice Plaintiffs as they may file a First Amended complaint in *Dolzhenko I*, which is currently pending. Should Plaintiffs choose to amend their Complaint in *Dolzhenko I*, Plaintiffs shall consolidate their relevant claims and grievances into one amended complaint.

IT THEREFORE IS ORDERED that the Complaint in this action is dismissed as duplicative of CV 20-2088, and Judgment shall be entered dismissing this action without prejudice.

IT IS SO ORDERED.

DATED: May 17, 2021

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE